IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRANCE KEOKI  :
CALLEN,
          :
    Petitioner,
          :
vs.                    CIVIL ACTION NO. 09-0068-CG-C
          :
UNITED STATES OF        CRIMINAL ACTION NO. 06-0176-CG
AMERICA,          :

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Terrance Keoki Callen, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 666). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that Callen's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## FINDINGS OF FACT

1.   On October 19, 2006, Callen entered a counseled guilty plea to Count 16 of the superseding indictment. (*See* Doc. 327) Count 16 of the superseding indictment charged petitioner with possession with intent to

distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (*Compare id. with* Doc. 199) Callen was sentenced, on April 4, 2007, to 151 months imprisonment. (*See* Docket Sheet, Minute Entry for April 4, 2007) Judgment was entered by the Court on April 10, 2007. (Doc. 494) Petitioner's 151-month sentence was ordered to run concurrently "**with any sentence the defendant receives in Dallas County Circuit Court case number 06-298. The Court orders that the custody time be counted from the time the defendant was arrested on state charges in Dallas County, Alabama, which was March 28, 2006.**" (*Id.* at 2) Callen did not appeal his conviction and sentence. (Doc. 1, at 2)

  2. On February 15, 2008, petitioner filed a pleading styled, "Motion to Correct the Sentence." (Doc. 597) Therein, petitioner stated that he was under the impression that his federal sentence would run concurrent with all state sentences and, therefore, requested that his sentence run concurrent with the robbery sentence (Dallas County Circuit Court # 95-472) he was presently serving. (*See id.*) Chief United States District Judge Callie V. S. Granade denied petitioner's motion by endorsement on March 6, 2008. (Doc. 602)

> Callen requests that his sentence be run concurrent with a state robbery sentence that he is now serving. That request was made at the time of sentencing and was denied. The J&C accurately reflects the sentence imposed in this case. The motion is

therefore DENIED.

(*Id.*)

3.  On September 25, 2008, Callen filed a motion for retroactive application of sentencing guidelines to his crack cocaine offense pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 654) Petitioner's motion was denied by order dated October 23, 2008. (Doc. 657) "The defendant's original total offense level was derived from the Career Offender provision of the Sentencing Guidelines, which makes him ineligible for a reduction in sentence due to the amended Guidelines for crack cocaine offenses." (*Id.*)

4.  Callen filed the instant motion to vacate, pursuant to 28 U.S.C. § 2255, on February 5, 2009. (Doc. 666, at 14 (motion executed on February 5, 2009)) When he filed his motion, petitioner claimed that the one-year statute of limitations was inapplicable. (*Id.* at 13)

> The one year limitation does not apply to the movant because he is bringing his 2255 for (2 level reduction 2D1.1) (Amendment) as a newly recognized right by the U.S. Supreme Court made retroactive in March 2008. Although it is Congress that amended 2D1.1 for crack cocaine sentences[,] the courts have granted 1 year limitation from the date the amendment became retroactive.

(*Id.*)

5.  On February 23, 2009, the government filed a motion to dismiss

Callen's § 2255 motion on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (Doc. 668) Callen filed his response to the government's motion on March 16, 2009. (Doc. 670)

> At the heart of the Gov't's motion[] to dismiss is the argument that the petitioner[']s 2255 motion should be dismissed based solely on the fact that according to the Government the 2255 motion is time barred, [and] it is further asserted that there is no equitable tolling in this case that would provide for an extension. The petitioner[']s position is that because the merits of his 2255 motion have not been responded to that this court accept the actual merits of his brief as correct in law and in fact.
>
> Because Petitioner[']s Pro Se complaint should be liberally construed, the Petitioner would humbly ask that the court liberally construe his 2255 motion as a 3582(1)(B)[1] motion in conjunction with a 3582(c)(2) motion. By putting 3582(1)(B) (sic) and 3582(c)(2) in conjunction with each other would allow the court to modify the term of imprisonment for career status. And 3582(c)(2) would allow the court to give a two level reduction under 2D.1.1 of the United States Sentencing Guidelines. According to 3582(1)(B) (sic) the court may modify a sentence expressly permitted by statute. The statute under which the court may modify the petitioner[']s career offender term of imprisonment is cited as 3553(a), which clearly states that the court may remove any incorrect or misapplied sentencing recommendations if a person is found [] to be subject to the incorrect or misapplied sentencing recommendations. Statute 3553(a) has a lofty goal of ensuring that defendants are sentenced appropriately for crimes they commit. In the instant case it is clear that the movant is not a career offender and thus

---

[1] Callen appears to have transposed the (1) and (b); the undersigned reads petitioner's response as asserting that this Court should liberally construe his complaint as a combination 3582(b)(1) and 3582(c)(2) motion.

>   is eligible for the 2 level reduction under 2D.1.1 of the U.S.S.G.
>
>   . . .
>
>   [T]he petitioner respectfully request[s] that his previously filed 2255 motion be liberally construed as a 3582(1)(B) (sic) motion to modify the career offender sentence pursuant to statute 3553(a) and further that the 3582(1)(B) (sic) motion be construed as joint with a 3582(c)(2) motion allowing for a 2 level reduction pursuant to 2D.1.1 of the U.S.S.G. and that the petitioner receive the correct sentence this Honorable Court recalculates based on the facts previously set forth and further set forth herein.

(*Id.* at 1-2 & 2-3 (emphasis in original))

## **CONCLUSIONS OF LAW**

1.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.) ("On April 24, 1996, Section 105 of the Antiterrorism and Effective Death Penalty Act . . . took effect. That section amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

>   (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    2.    Subsections (2), (3), and (4) of § 2255(f) clearly do not apply to petitioner's case[2] and therefore, the timeliness of Callen's petition must be

---

[2] In his complaint, Callen contends that the one-year limitation period is inapplicable because he is pursuing his attack "as a newly recognized right by the U.S. Supreme Court made retroactive in March 2008[.]" (Doc. 1, at 13) This argument implicates subsection (3) of § 2255(f) which provides that the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *Id*.

Callen cannot prevail on this argument for a number of reasons. First, it was the United States Sentencing Commission, not Congress and certainly not the Supreme Court, which provided for the retroactive application of new sentencing guidelines in crack cocaine cases. Moreover, petitioner already had his remedy in this regard because the Court entertained but rejected his motion for sentence modification. (*Compare* Doc. 657 *with* Doc. 654) As recognized by the Fourth Circuit, even where a sentence is modified pursuant to § 3582(c), such modification does not affect the date upon which a petitioner's judgment of conviction becomes

calculated under § 2255(f)(1) based upon the date on which his conviction became final. In this case, the Court entered judgment against Callen on April 10, 2007. Because petitioner did not appeal his conviction or sentence, the judgment of conviction became final on April 20, 2007, ten days after it was entered. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."); *see* Fed.R.App.P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Therefore, under *Mederos, supra,* Callen had until April 20, 2008 to timely file a collateral attack pursuant to § 2255. Because petitioner did not file his § 2255 motion until February 5, 2009, some nine and one-half months after his one-year limitation period expired, this Court cannot reach the merits of

---

final. *United States v. Sanders,* 247 F.3d 139, 142 (4th Cir.), *cert. denied*, 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001). Finally, petitioner's true attack now is upon the fact that he was found to be a career offender, a sentencing factor which was readily apparent from the moment of sentencing and which could have been attacked on direct appeal or, at the very least, concurrently raised with his § 3582(c) sentence-modification request. For these reasons, therefore, petitioner's argument in his complaint that his § 2255 motion is saved by subsection (3) of § 2255(f) is rejected. The undersigned would parenthetically note that Callen appears to have abandoned this argument because it is nowhere raised in his response to the government's motion to dismiss. (*See* Doc. 670)

petitioner's claim unless he is entitled to equitable tolling.

    3.    "In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d

542 (2005); *see Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'").

  4. In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson, supra,* 340 F.3d at 1226; *Jones, supra,* 304 F.3d at 1040; *see Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, ___ U.S. ___, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests

with the petitioner[.]'"). Petitioner makes absolutely no equitable tolling argument (Doc. 670) and, therefore, the undersigned finds that this Court can make no determination other than that petitioner's own lack of due diligence, ultimately, is responsible for the untimeliness of the filing of the instant § 2255 petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson, supra,* 340 F.3d at 1226; *see also Melson, supra,* 548 F.3d at 1001 ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'").

    5.    What petitioner wants this Court now to do is liberally construe his § 2255 motion as a combination motion to modify his sentence pursuant to 18 U.S.C. §§ 3582(b)(1) and 3582(c)(2) and modify his sentence on the basis that he is not a career offender. While this Court should reject petitioner's request on the basis that he should have combined his "career offender" argument with his § 3582(c)(2) motion back on September 25, 2008 (*see* Doc. 654), or on the alternative basis that he should have raised this issue on appeal, *see, e.g., United States v. Shannon*, 449 F.3d 1146, 1147 (11th Cir. 2006) ("Zackery Shannon appeals the decision of the district court to sentence him as a career offender[.]"), a consideration of this argument serves petitioner no

better than application of the one-year statue of limitations. This is because the Court, at sentencing, properly concluded that Callen was a career offender.

> A defendant who is at least 18 years old when he commits an offense "is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense . . . and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Prior felony convictions under section 4B1.1 are counted using the definitions and instructions for computing criminal history in section 4A1.2. A prior conviction is "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." A prior conviction is counted when "imprisonment exceeding one year and one month . . . was imposed within fifteen years of the defendant's commencement of the instant offense."

*Shannon, supra,* 449 F.3d at 1148 (internal citations omitted). Callen does not argue that he was not at least 18 when he committed the instant offense nor does he argue that the instant offense is not a controlled substance offense. In addition, he does not contend that he does not have a prior conviction for conduct not part of the instant offense. Instead, his sole argument is that he did not have at sentencing in this cause two prior felony convictions because his three prior robbery sentences imposed by the Circuit Court of Dallas County on January 28, 1997 were imposed for related convictions and, therefore, count as but one sentence/conviction. (*Compare* Doc. 666, at 4-5 *with* Doc. 670, at 1-3)

6. The law is clear in this circuit that "'[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense).'" *United States v. Wilks,* 464 F.3d 1240, 1244 (11th Cir.) (citation omitted), *cert. denied*, 549 U.S. 1066, 127 S.Ct. 693, 166 L.Ed.2d 539 (2006); *see also United States v. Duty,* 302 F.3d 1240, 1241 (11th Cir. 2002) (same). Moreover, "[t]his inquiry is preliminary to any consideration of consolidated sentencing[.]" *Wilks, supra*. In other words, the fact that Callen's robbery convictions were consolidated for purposes of sentencing does not prevent same from being counted as more than one conviction/sentence under the § 4B1.1 career offender enhancement provision provided an intervening arrest separated the underlying predicate offenses. *See id*. In this case, it is clear that the Court did not err when it counted Callen's third-degree robbery conviction separate from one of his first-degree robbery convictions "in applying the § 4B1.1 career offender enhancement because his prior convictions are unrelated under § 4A1.2." *Id*. (citation omitted). Although consolidated for sentencing on the same day, Callen's first conviction was for a charge of third-degree robbery of a convenience store stemming from an arrest on May 2, 1995. Petitioner's second conviction

stemmed from an arrest on May 25, 1996 for the first-degree robbery of a motel.[3] More than one year separated the arrests for these two convictions. "Because an intervening arrest separated the underlying predicate offenses," *Wilks, supra,* this Court did not err in counting them separately and enhancing Callen's sentence under § 4B1.1. *Id*. Accordingly, petitioner's § 2255 motion, in addition to being time-barred, has no merit.

## CONCLUSION

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). Such dismissal is also proper since Callen's § 2255 motion has no merit.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of March, 2009.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[3]     The third charge actually consolidated for sentencing by the state court on January 28, 1997, another first-degree robbery charge stemming from a June 29, 1996 arrest, was not counted by the United States Probation Office, or considered by the Court, in determining whether Callen was a career offender.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        s/WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE