**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

TERRANCE KEOKI CALLEN,          :

    Petitioner,                         :

vs.                                          : CIVIL ACTION NO. 09-0068-CG-C

UNITED STATES OF AMERICA,       : CRIMINAL ACTION NO. 06-0176-CG

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Terrance Keoki Callen, has filed yet another motion to vacate, set aside or correct his sentence, this time pursuant to 28 U.S.C. § 2255(f)(3) (Doc. 857). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Callen's § 2255 motion be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1), § 2255(f)(3) being inapplicable in this instance. Alternatively, the instant motion should be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FACTUAL BACKGROUND

On October 19, 2006, Callen entered a counseled guilty plea to Count 16 of the superseding indictment. (*See* Doc. 327.) Count 16 of the superseding indictment charged petitioner with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (*Compare id. with* Doc. 199.) Callen was sentenced, on April 4, 2007, to 151 months imprisonment. (*See* Docket Sheet, Minute Entry for April 4, 2007.) Judgment was entered by the Court on April 10, 2007. (Doc. 494.) Petitioner's 151-month sentence

was ordered to run concurrently "**with any sentence the defendant receives in Dallas County Circuit Court case number 06-298. The Court orders that the custody time be counted from the time the defendant was arrested on state charges in Dallas County, Alabama, which was March 28, 2006.**" (*Id.* at 2.) Callen did not appeal his conviction and sentence. (*See, e.g.,* Doc. 857, at 1.)

On September 25, 2008, Callen filed a motion for retroactive application of sentencing guidelines to his crack cocaine offense pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 654.) Petitioner's motion was denied by order dated October 23, 2008. (Doc. 657.) "The defendant's original total offense level was derived from the Career Offender provision of the Sentencing Guidelines, which makes him ineligible for a reduction in sentence due to the amended Guidelines for crack cocaine offenses." (*Id.*) Thereafter, Callen filed his first motion to vacate on February 5, 2009. (Doc. 666, at 14 (motion executed on February 5, 2009).) This motion was denied as time-barred on April 16, 2009. (Docs. 677-678; *compare id. with* Doc. 671.)

Callen's December 16, 2010 motion for leave to file a second or successive motion to vacate (Doc. 736) was denied by the Court on December 20, 2010 (Doc. 738). "This is a motion for leave to file a second or successive Section 2255 petition. Such a motion must be ruled on by the 11th Circuit Court of Appeals, and only if the motion is granted shall the petition be filed in this court. The clerk is directed to return the motion to the petitioner so that he may file it in the appropriate court." (*Id.*) Callen's April 25, 2011 motion for reconsideration under Rule 60(b)(6) (Doc. 741) was denied on May 10, 2011 (Doc. 742).

On November 22, 2011, Callen filed another motion for retroactive application of the sentencing guidelines to his crack cocaine offense pursuant to 18 U.S.C. § 3582. (Doc.

2

772.) This motion was denied by order dated December 27, 2011. (Doc. 795.) "The defendant's original total offense level was derived from the Career Offender provision of the Sentencing Guidelines, which makes him ineligible for a reduction in sentence due to the amended Guidelines for crack cocaine offenses." (*Id*.) Callen filed written notice of appeal on January 11, 2012. (Doc. 799.)[1] By mandate issued on May 9, 2012, the Eleventh Circuit Court of Appeals granted the government's motion for summary affirmance of this Court's denial of Callen's request for a sentence reduction. (*See* Doc. 821, at 2.)

The instant motion to vacate was filed by Callen in this Court on March 18, 2013. (Doc. 857.)[2] Therein, petitioner contends that his sentence is due to be vacated and corrected pursuant to the Supreme Court's decision in *Dorsey v. United States*, ___ U.S. , 132 S.Ct. 2321, 183 L.Ed.2d 250 (Jun. 21, 2012) and since the instant motion has been filed within a year of *Dorsey* it is timely in accordance with 28 U.S.C. § 2255(f)(3). (*See id*. at 2-6.)

---

[1]     A little more than one month after filing written notice of appeal, on February 14, 2012, Callen sought reconsideration by the Court of its order declining to reduce his sentence. (Doc. 809.) The motion for reconsideration was dismissed by order dated February 16, 2012: "The court is without jurisdiction to reconsider the matter, since the defendant appealed the order he is requesting the court to reconsider. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (Doc. 810.)

[2]     Concurrent with the filing of the motion to vacate, Callen also filed a motion to expedite (Doc. 858) and a motion requesting transcripts at government expense (Doc. 859). Given the contents of this report and recommendation, the motion to expedite (Doc. 858) is **MOOT** and the motion requesting transcripts at government expense (Doc. 859) is **DENIED** as unnecessary.

## CONCLUSIONS OF LAW

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is clearly appropriate for a district court to summarily dismiss time-barred motions to vacate prior to any answer or other pleading by the United States. *See, e.g., United States v. Johnson,* 2012 WL 3070972, *1 (M.D. Fla. July 26, 2012); *Jones v. United States,* 2012 WL 3704759, *1 (N.D. Ga. July 18, 2012), *report and recommendation adopted,* 2012 WL 3704837 (N.D. Ga. Aug. 27, 2012). Just as important, it is appropriate for a district court to summarily dismiss a successive § 2255 motion prior to any answer or other pleading by the United States. *See Nunn v. United States,* 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013) ("Petitioner has yet to obtain the pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. The motion now before this court is Petitioner's fifth § 2255 motion attacking the same convictions and sentence. Because Petitioner has not obtained permission from the appellate court to file a successive § 2255 motion, this court lacks the jurisdiction to consider the merits of his present § 2255 motion and the motion should be ***summarily dismissed***." (emphasis supplied)), *report and recommendation adopted,* 2013 WL 1099733 (M.D. Ala. Mar. 15, 2013); *United States v. Minefield,* 2011 WL 4374201, *2 (M.D. Ala. Aug. 17, 2011) ("The pleadings and documents in the instant case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the

4

appellate court to file a successive motion. Accordingly, this court lacks the jurisdiction to consider the merits of Minefield's present motion, and the motion is due to be *summarily dismissed*." (emphasis supplied)), *report and recommendation adopted*, 2011 WL 4374009 (M.D. Ala. Sept. 20, 2011).

    **A.**    <u>**Statute of Limitations**</u>.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255.  *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1)

based upon the date on which a petitioner's judgment of conviction becomes final. As is implicitly recognized in the instant motion to vacate (*see* Doc. 857, at 1-6), if relegated to § 2255(f)(1), the motion would be deemed untimely since Callen's judgment of conviction became final on April 20, 2007, *compare Ramirez v. United States*, 146 Fed.Appx. 325, 2005 WL 1706142, *1 (11th Cir. July 22, 2005) ("In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. . . . For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket."), *cert. denied,* 546 U.S. 1025, 126 S.Ct. 674, 163 L.Ed.2d 543 (2005) *with Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."),[3] and the movant did not file the instant petition until March 18, 2013, almost six (6) years to the date too late. In recognition of his inability to establish timeliness in accordance with § 2255(f)(1), Callen argues instead that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]") given the Supreme Court's recent holding in *Dorsey*. (*See* Doc. 857.) Because Callen's reliance on *Dorsey* is misplaced, it is proper for this Court to summarily dismiss his motion to vacate as (again) time-barred under § 2255(f)(1).

---

[3]     In 2009, the time for filing an appeal was changed from ten days to fourteen days. *Compare* Fed.R.App.P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.") *with* Advisory Committee Notes, 2009 Amendments, at 530 ("**Subdivisions (b)(1)(A) and (b)(3)(A)**. The times set in the former rule at 10 days have been revised to 14 days.").

In *Dorsey*, after recognizing that the Fair Sentencing Act ("FSA") took effect on August 3, 2010 and reduced "the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1[,]" *id*. at ___, 132 S.Ct. at 2326, the Supreme Court held that "Congress intended the . . . Act's more lenient penalties to apply to those offenders whose crimes *preceded* August 3, 2010, but who are sentenced *after* that date." *Id*. at _____, 132 S.Ct. at 2331 (emphasis supplied). The Eleventh Circuit has specifically recognized that the FSA does not retroactively apply to offenders who were sentenced prior to August 3, 2010. *Fields v. Warden, FCC Coleman-USP 1,* 484 Fed.Appx. 425, 427 (11th Cir. July 19, 2012) ("The Supreme Court recently held that the FSA applies to those who committed acts prior to the passage of the FSA, but were sentenced following the August 3, 2010 effective date of the FSA. However, Fields was sentenced prior to August 3, 2010, and thus the FSA does not retroactively apply to him." (internal citation omitted)); *see also United States v. Pratt,* 2013 WL 864464, *1 (3rd Cir. Mar. 8, 2013) ("Although the Sentencing Commission decided that Amendment 750 should be applied retroactively, the FSA itself is not retroactively applicable to defendants who were sentenced before its effective date. Although Pratt argues to the contrary, the Supreme Court's decision in *Dorsey* does not affect this conclusion. Rather, *Dorsey* held that the FSA applies to defendants whose offenses were committed pre-FSA but were sentenced after its effective date. Such is not the case here, and thus, Pratt's reliance on *Dorsey* is misplaced." (internal citations omitted)); *United States v. Finley*, 487 Fed.Appx. 260, 265 (6th Cir. Jun. 29, 2012) ("In *Dorsey* . . ., the Supreme Court recently held that the FSA applies to all offenders sentenced after the FSA's effective date, August 3, 2010, even if their crimes were committed prior to August 3, 2010. This clarification does not help Finley, however, as he was sentenced prior to August 3, 2010."), *cert. denied,* ___ U.S. ___, 133 S.Ct. 799, 184

L.Ed.2d 591 (2012); *Thompson v. United States*, 2013 WL 772696, *3 (W.D. Pa. Feb. 28, 2013) ("*Dorsey* did not imply that the FSA would be applied in situations where, as here, a defendant was sentenced to a mandatory minimum term of imprisonment well before the FSA's August 3, 2010 effective date. Even before *Dorsey*, courts did not apply retroactively the new guidelines in cases where a defendant's mandatory minimum sentence was imposed prior to the FSA's enactment. *Dorsey* cannot be read to apply the new guidelines retroactively to cases where at the time of sentencing the FSA was not yet enacted and the guidelines had yet to be amended by the Sentencing Commission." (internal citations omitted)). Because Callen was sentenced prior to August 3, 2010, *Dorsey* has no application and the FSA does not retroactively apply to him. *Fields, supra*. Thus, the one-year limitations period set forth in § 2255(f)(3) is not applicable to Callen's case. *See, e.g., Ingram v. United States*, 2012 WL 6700193, *3 (S.D.N.Y. Dec. 26, 2012 ("Ingram's argument that the decision is *Dorsey*[] should toll the applicable period of limitation under § 2255(f)(3) also fails. . . . *Dorsey* did not make the FSA retroactively applicable to offenders, such as Ingram, whose crimes *and* whose sentencing preceded the date on which the FSA became effective." (emphasis in original)).

In light of the foregoing, § 2255(f)(1) applies in this case. Again, then, petitioner's one-year limitations period began on April 20, 2007 and expired one year later on April 20, 2008. Callen's most recent § 2255 motion to vacate, filed March 18, 2013 (Doc. 857), is untimely by almost six years. A federal court can consider the merits of an untimely § 2255 motion only if the petitioner establishes that he is factually innocent of the crime for which he was convicted, *see San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert.*

*denied sub nom. San Martin v. Tucker,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011), or if he establishes that the limitations period should be equitably tolled, *Johnson v. United States,* 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have emphasized [] that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005);  *Jones v. United States,* 304 F.3d 1035, 1039-1040 (11th Cir. 2002) ("The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." (emphasis in original)), *cert. denied,* 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003). Callen makes no argument that he is actually / factually innocent of the crime for which he was convicted nor does he make an argument for equitable tolling (*see* Doc. 857), and nothing in the record supports either exception. Accordingly, Callen's motion to vacate is due to be summarily dismissed as untimely.

**B.**   **Successive Petition**. In addition, Callen's motion to vacate is due to be summarily dismissed with prejudice due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). It is clear that a "petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert.*

9

*denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009); *Minefield, supra,* at *2 ("A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.") .

There can be no question but that the instant motion to vacate, filed March 18, 2013, is a second/successive petition,[4] yet there is nothing to indicate that Callen filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this motion. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second—if not third (*see* Docs. 736 & 738)—motion to vacate, nor been granted leave of that court to file another motion to vacate, this Court lacks jurisdiction to consider Callen's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied

---

[4]     A district court's dismissal of a petitioner's "first" habeas petition on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed pro se an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough,* 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be summarily dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").[5]

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of her

---

[5]      The undersigned recommends that this Court dismiss with prejudice Callen's present motion to vacate due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther v. Holt,* 173 F.3d 1328, 1330-1331, n.4 (11th Cir. 1999) ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"), *cert. denied,* 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000); *Dunn v. Singletary,* 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because, as indicated above, his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther,* 173 F.3d at 1331.

habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, as well as the instant motion to vacate being unquestionably a second/successive petition, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Callen's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from

Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

<u>CONCLUSION</u>

The Magistrate Judge recommends that the instant motion to vacate (Doc. 857) be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Alternatively, Callen's motion is due to be summarily dismissed with prejudice due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 3rd day of April, 2013.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).